IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY PETER AUTHEMENT                                                                 PLAINTIFF

v.                                           Case No. 6:24-cv-06068

CPRL MARK CARL; SAMUEL TUCKER;
SGT DALE REED; SGT. DIXON;
SGT SEAN LANE; SGT. JAMES SMITH;
SGT. BOYD; JANE DOE, Mental Health
Worker; JANE/JOHN DOE, Captain Kitchen;
DOE A-SHIFT WORKERS; DOE B-SHIFT
WORKERS; DOE C-SHIFT WORKERS;
DOE D-SHIFT WORKERS; DEPUTY
DIRECTOR DOE, Over Ouachita River
Correctional Unit; and WARDEN DOE,
Over Ouachita River Correctional Unit                                                DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") filed July 19, 2024, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 19). Plaintiff Terry Peter Authement ("Plaintiff") has objected. (ECF No. 20). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On May 16, 2024, Plaintiff filed his Complaint. (ECF No. 1). On May 31, 2024, Plaintiff filed an Amended Complaint. (ECF No. 7). Plaintiff makes three claims in his Amended Complaint. Plaintiff alleges that on March 10, 2024, Defendant Corporal Mark Carl ("Defendant Carl") attempted to have Plaintiff killed or harmed by trying to feed Plaintiff potatoes, despite Plaintiff being allergic to potatoes, in violation of his Eighth Amendment rights. (ECF No. 7, at 7-8). Plaintiff states that he refused to eat the allergenic food and informed

Defendant Carl that he had a valid medical script showing that he was allergic to potatoes. (ECF No. 7, at 7-8). Plaintiff states that Defendant Carl then made another inmate pick the potatoes out of Plaintiff's food and use a spoon to mash the potatoes into the rest of Plaintiff's food. (ECF No. 7, at 7-8). Defendant Carl then informed Plaintiff that "today I'm going to make you eat potatoes." (ECF No. 7, at 7-8). Plaintiff states that after this incident he could not eat at mealtime, and he then lost weight because he missed several meals. (ECF No. 19, at 8). For the official capacity portion of this claim, Plaintiff alleges that it was the Arkansas Division of Correction's ("ADC") policy to adhere to valid medical scripts for diets when issued by a doctor and that Defendant Carl violated this policy. (ECF No. 7, at 8).

Plaintiff's second claim alleges that on numerous occasions during March 2024, he submitted several grievances related to the March 10, 2024, potato incident. (ECF No. 7, at 9). Plaintiff alleges that Defendants took no action despite the grievances and that he was not allowed to continue with the second step of the grievance process. (ECF No. 7, at 9). Plaintiff alleges that this failure allowed Defendant Carl to "stay around" Plaintiff and caused him to miss even more meals because he did not trust Defendant Carl after the incident. (ECF No. 7, at 9). For the official capacity portion of this claim, Plaintiff alleges that Defendants tried to cover up the incident and prevent Plaintiff from gaining access to the employees that handle grievances. (ECF No. 7, at 10).

Plaintiff's third claim alleges that the State of Arkansas—via employees that are not named—failed to properly train employees at the Ouachita River Unit on working with an ADC dietitian. (ECF No. 7, at 3). Plaintiff argues that it was this lack of training that led to Defendant Carl attempting to feed Plaintiff potatoes. (ECF No. 7, at 11). Plaintiff alleges that this failure allowed for Defendant Carl's continued interactions with Plaintiff and allowed Defendant Carl to

antagonize Plaintiff.  (ECF No. 7, at 11).  Plaintiff alleges that this harassment and weight loss continued until he was transferred to another prison.  (ECF No. 7, at 11).  For the official capacity claim, Plaintiff alleges that ADC policy required adherence to medical scripts provided by doctors.  (ECF No. 7, at 12).

For damages, Plaintiff requests that "proper charges" be filed against Defendants, and that he be awarded compensatory damages and punitive damages.  (ECF No. 7, at 12).  Plaintiff requests a total monetary award of $10,000,000.00.  (ECF No. 7, at 12).

On July 21, 2024, Judge Comstock issued the instant R&R.  (ECF No. 19).  Judge Comstock recommends that Plaintiff's first claim against Defendant Carl proceed for service and further litigation in its individual capacity.  (ECF No. 19, at 6).  For the second claim, Judge Comstock notes that the Court of Appeals for the Eighth Circuit has made it clear that inmates do not have a constitutional right to a grievance procedure, and that, standing alone, a prison's failure to respond to a grievance is not actionable under § 1983.  (ECF No. 19, at 6).  On Plaintiff's third claim, Judge Comstock points out that only the State of Arkansas was named a defendant on this claim and that states and state agencies are not persons subject to suit under § 1983.  (ECF No. 19, at 6).  Additionally, Judge Comstock notes that verbal threats do not create a constitutional violation.  (ECF No 19, at 6).  Judge Comstock recommends that the Court find Plaintiff has failed to state any official capacity claims.  Overall, Judge Comstock recommends that only the first claim proceed and that all remaining claims be dismissed without prejudice.

On August 1, 2024, Plaintiff filed objections to the R&R.  (ECF No. 20).  Plaintiff focuses his objections on his second, third, and official capacity claims.  Plaintiff argues that his second claim should be allowed because the Defendants violated an ADC policy that requires that an inmate must exhaust his administrative remedies before filing a §1983 case.  (ECF No.

20, at 1). Plaintiff also argues that Defendants/unnamed persons passed around his grievance complaints in order to protect Defendant Carl, and that in doing so, his constitutional rights were violated. (ECF No. 20, at 1-2). In defense of Plaintiff's third claim, he states that "[t]he state of Arkansas [through] its employees, and ADC [through] its employees, and the dietitian . . . should be held accountable" for failure to properly train their employees on dietary scripts. (ECF No. 20, at 2).

Plaintiff contends that the official capacity claims against Defendants should be allowed under the Ku Klux Klan Act of 1871.[1] (ECF No. 20, at 2). In essence, it appears that Plaintiff is arguing that Defendants were acting under the color of state law and deprived him of his rights. (ECF No. 20, at 3). Plaintiff argues that Defendants "showed a careless disregard for the truth by intentionally and willingly" preventing him from accessing the proper employees to make his grievances. (ECF No. 20, at 3). Plaintiff also asserts that the "judicially fashioned doctrine of official immunity does not reach so far as to immunize criminal conduct . . . ." (ECF No. 20, at 4).

## II.  STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a

---

[1] The Court notes that § 1 of the Ku Klux Klan Act of 1871—also known as the Civil Rights Act of 1871—is now codified as §1983. *See Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. State of Wis.*, 663 F. Supp. 682, 690 (W.D. Wis. 1987).

party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that *de novo* review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)). The Court will review Judge Comstock's findings *de novo*.

## III. DISCUSSION

The Court agrees with Judge Comstock that only Plaintiff's first claim should proceed in its individual capacity for further litigation against Defendant Carl. Plaintiff's remaining claims, including his official capacity claims will be dismissed. The Court will review each in turn.

5

### A. First Claim

Plaintiff alleges that Defendant Carl attempted to force Plaintiff to eat potatoes despite Plaintiff's medical script stating he was allergic to potatoes. Plaintiff also alleges that this caused him to lose weight because Defendant Carl caused him to become afraid to eat. The Court agrees with Judge Comstock that this states a valid individual capacity claim under the Eighth Amendment. Thus, the Court finds that Plaintiff's first claim against Defendant Carl may proceed for further litigation in its individual capacity.

### B. Second Claim

Plaintiff's second claim alleges that he submitted several grievances concerning Defendant Carl's actions on March 10, 2024, but that the grievances were ignored or passed from work shift to work shift. Plaintiff argues in his objection that Defendants violated his rights by hindering his ability to adhere to the exhaustion requirement. However, as Judge Comstock stated, Plaintiff does not have a constitutionally protected right to a grievance procedure. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)); *see also Villarreal v. Robinson*, No. 2:25-CV-00030-BSM-ERE, 2025 WL 522587, at *2 (E.D. Ark. Feb. 18, 2025) (noting that the law is well settled that inmates have no constitutional right to an inmate grievance procedure). "Therefore, a prison official's failure to respond to an inmate's grievances or to return copies of those grievances to that inmate, without more, is not actionable under § 1983." *Evans v. Jones*, No. 1:07-cv-1036-HFB, 2007 WL 2343843, at *1 (W.D. Ark. Aug. 14, 2007).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). A jail's "refusal to entertain such

6

grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id.* (citation omitted). "[A]ny alleged due process violation arising from the alleged failure to investigate . . . grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff objections are unpersuasive because—as the Court again notes—Plaintiff has no constitutional right to a grievance procedure. Thus, the Court finds that Plaintiff's second claim fails to state a plausible claim and should be dismissed.

### C. Third Claim

Plaintiff's third claim alleges that the State of Arkansas failed to properly train the employees at Ouachita River Unit to work with dietitians. In his objection, Plaintiff simply argues that the State of Arkansas should be held accountable for its alleged failure to properly train its employees on dietary scripts. "Section 1983 provides for an action against a 'person' for a violation, under color of law, or another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). Plaintiff has only brought this claim against the State of Arkansas and "a [s]tate is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989); *see also McLean*, 548 F.3d at 618 (noting that a § 1983 claim for money damages cannot be asserted against a state because a state is not a person); *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365, 110 S. Ct. 2430, 2437, 110 L. Ed. 2d 332 (1990) (holding that "the [s]tate and arms of the [s]tate, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Plaintiff's objection does nothing to change the fact that he is improperly attempting to assert a claim against the State of Arkansas itself. Thus, the Court finds that Plaintiff's third claim fails to state a plausible claim and should be dismissed.[2]

---

[2] As Judge Comstock noted on the third claim, Plaintiff's allegations of Defendant Carl's harassment, intimidation, and attempts to provoke Plaintiff fail to state a plausible constitutional claim. "Verbal threats do not constitute a

### D. Official Capacity Claims

Plaintiff also brings official capacity claims against Defendants. A defendant may be sued under section 1983 in either his individual or official capacity, or both. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, an official capacity claim against an ADC employee is essentially a claim against the ADC, an Arkansas state agency. *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919, 924 (2002). As noted above, states and agencies are not "persons" that can be subjected to a lawsuit under § 1983. *Will*, 491 U.S. at 64.

Additionally, "[t]he Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). However, there are certain well-established exceptions to the reach of the Eleventh Amendment. *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). "A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment." *Id.* That being said, "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Id.* Defendants work for ADC, which is an Arkansas state agency. Official capacity claims against Defendants are, in essence, claims against the State of Arkansas. The

---

constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language do not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (finding that a prisoner's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (stating that verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

Court agrees with Judge Comstock that Plaintiff's claims for monetary damages are barred by sovereign immunity.

Plaintiff's objections appear to argue that sovereign immunity should not apply because Defendants deprived him of the rights and privileges provided by the Constitution. However, this alleged deprivation does not present a valid exception to sovereign immunity. Only three exceptions allow for a lawsuit against a "state, state agency, or state officials: (1) Congress may abrogate the States' immunity; (2) a state may waive its immunity; or (3) under the *Ex Parte Young* doctrine . . . ." *Gordon v. Bd. of Trs. of the Univ. of Arkansas*, 168 F. Supp. 3d 1148, 1153 (E.D. Ark. 2016). None of these exceptions apply to Plaintiff. Thus, the Court finds that Plaintiff's official capacity claims are barred by sovereign immunity and should be dismissed.

## IV. CONCLUSION

Upon *de novo* review, the Court hereby adopts the R&R (ECF No. 19) *in toto*. Accordingly, Plaintiff's individual capacity claim against Defendant Carl will remain for service and further litigation. Plaintiff's remaining claims against all other Defendants should be and hereby are **DISMISSED WITHOUT PREJUDICE**. All Defendants, with the exception of Defendant Carl, are hereby **TERMINATED** as parties from this case.

**IT IS SO ORDERED**, this 23rd day of July, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge