IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY PETER AUTHEMENT                                                    PLAINTIFF

v.                                 Case No. 6:24-cv-06068

CPRL MARK CARL                                                          DEFENDANT

## ORDER

Before the Court is a Report and Recommendation filed on January 14, 2026, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 62. Plaintiff has filed objections. ECF No. 64. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On May 16, 2024, Plaintiff filed his Complaint. ECF No. 1. On May 31, 2024, Plaintiff filed an Amended Complaint, alleging claims against Defendant Mark Carl ("Defendant Carl") and various now-dismissed defendants. ECF No. 7. Broadly, Plaintiff's claims center around an incident on March 10, 2024, wherein Defendant Carl attempted to force Plaintiff to eat potatoes, despite knowing that Plaintiff was allergic to potatoes. ECF No. 7, at 7-8. On July 23, 2025, the Court dismissed all of Plaintiff's claims except for his individual capacity Eighth Amendment violation claim against Defendant Carl. ECF No. 33.

On July 28, 2025, Judge Comstock directed the United States Marshals Service ("the U.S. Marshals") to serve Defendant Carl at the Arkansas Department of Corrections ("ADC") Randall Williams Correctional Facility. ECF No. 34. On August 13, 2025, service to Defendant Carl was returned unexecuted, indicating that Defendant Carl was no longer an ADC employee. ECF No. 40. The ADC provided the Court with Defendant Carl's last known address. *Id.* On August 14, 2025, Judge Comstock directed the U.S. Marshals to serve Defendant Carl at his last known

address.  ECF No. 41.  On September 23, 2025, service to Defendant Carl's last known address was returned unexecuted.  ECF No. 46.  The return notes that it was unclaimed and there was no forwarding address.  *Id.*

On September 24, 2025, Judge Comstock directed Plaintiff to provide the Court with an address for proper service on Defendant Carl within 21 days.  ECF No. 47.  Judge Comstock later extended Plaintiff's deadline to provide an address for Defendant Carl to November 3, 2025.  ECF No. 52.  On October 27, 2025, Plaintiff provided the Court with an address for the Arkansas Board of Corrections/ADC Compliance Division.  ECF No. 55.  Judge Comstock informed Plaintiff that the first unsuccessful service was sent to the ADC Compliance Division and that the summons was returned unexecuted, indicating that Defendant Carl was no longer employed with the ADC.  ECF No. 57.  Judge Comstock again ordered Plaintiff to provide an additional address or identifying information to use to serve Defendant Carl by November 18, 2025.  *Id.*

Plaintiff filed two responses to Judge Comstock's second order requesting Defendant Carl's address or identifying information.  ECF Nos. 58, 59.  In the first response, Plaintiff provided the same Arkansas Board of Corrections/ADC Compliance Division address that he had previously sent to the Court.  ECF No. 58.  In the second response, Plaintiff asked the Court to order the ADC to provide Defendant Carl's email address, phone number, and social media account information so that the Court may use this information to identify Defendant Carl's address.  ECF No. 59.

On January 14, 2026, Judge Comstock issued a Report and Recommendation, recommending that Plaintiff's remaining claims against Defendant Carl be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  ECF No. 62.  Judge Comstock reasoned that Plaintiff did not provide the Court with an address for proper service on Defendant Carl and that the Court does not provide research services to any party in any case.  *Id.* at 2.  On February 6, 2026, Plaintiff

2

filed his objections.  ECF No. 64.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).  "When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous."  *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted).

The Court finds that Plaintiff's objections to the Report and Recommendation are specific, however, the Court notes that they are untimely.  Plaintiff filed his objections four days after the February 2, 2026 deadline to object.  ECF Nos. 62, 64.  Since the Plaintiff's objections are only a few days late and since the objections are specific, the Court will conduct a *de novo* review.  *See*

*Thompson*, 897 F.2d at 358-59.  Plaintiff objects to Judge Comstock's recommendation that his case be dismissed for failure to provide an address to serve Defendant Carl because he has "no way whatsoever to use or access any tools like computers with internet" to obtain the address or contact information of Defendant Carl.  ECF No. 64, at 2-3.  Plaintiff explains that he provided the Court with "identifying information" upon request and reasserts that it is impossible for him to provide more information as an inmate.  *Id.* at 3-4. The "identifying information" that Plaintiff provided the Court was a request that the Court order the ADC to provide Defendant Carl's email address, phone number, and social media accounts.  ECF No. 59, at 2.

While the Court is sympathetic to Plaintiff's difficulty as an inmate to locate Defendant Carl's address, it is Plaintiff's responsibility to provide the Court with an address for proper service.  *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).  This rule applies even if the plaintiff is an inmate proceeding in forma pauperis.  *See id.* (upholding a district court's dismissal of claims against two unserved defendants when an inmate in forma pauperis plaintiff failed to provide proper addresses for those defendants).

After service at the ADC address and Defendant Carl's last-known address proved unsuccessful, Judge Comstock requested that Plaintiff provide either an alternative address or identifying information to use in serving Defendant Carl.  ECF No. 57.  Plaintiff provided only an address for the Arkansas Board of Corrections/ADC Compliance Division and a request that the Court order the ADC to provide identifying information.  ECF Nos. 58, 59.  Neither of Plaintiff's responses provided sufficient information to serve Defendant Carl.  Service has already been unsuccessfully attempted at the ADC, and it is Plaintiff's responsibility, not the ADC's or the Court's, to provide information to locate Defendant Carl.  *See Lee*, 991 F.2d at 489.

Without an address provided by Plaintiff, Defendant Carl remains unserved.  Federal Rule

4

of Civil Procedure 4(m) directs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added). Judge Comstock provided two notices to Plaintiff that dismissal will occur if he fails to provide an address for Defendant Carl. ECF Nos. 47, 57. Accordingly, the Court overrules Plaintiff's objections and dismisses Plaintiff's claims against Defendant Carl without prejudice.

Finally, Plaintiff objects to Judge Comstock's denial of his Motion to Appoint Counsel and Motion to Reconsider his previous Motion to Appoint Counsel. ECF Nos. 64, at 5-6. Plaintiff argues that he provided the Court with proof of his medical restrictions and disability and therefore needs counsel. *Id.* Plaintiff also argues that he has "shown several qualifying grounds for the appointment of counsel" but Judge Comstock "keeps denying every motion [he] file[s] for appointment of counsel." *Id.* at 6. The Court declines to consider these objections because they address a separate order rather than the instant Report and Recommendation.

### III.  CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 62) should be and hereby is **ADOPTED** *in toto*. Plaintiff's claim against Defendant Carl is hereby **DISMISSED WITHOUT PREJUDICE**, and this case is now **TERMINATED**. Plaintiff may refile this case in the future if he locates additional information concerning the location of Defendant Carl.

**IT IS SO ORDERED**, this 15th day of May, 2026.

/s/ Susan O. Hickey  
Susan O. Hickey  
Senior United States District Judge

5